**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1695
_____

UNITED STATES OF AMERICA

v.

GEORGE BRATSENIS,
                                             Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cr-00199-001)
District Judge: Honorable John M. Vazquez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 15, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: April 30, 2024)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

   George Bratsenis pleaded guilty to conspiracy to murder for hire. With one exception,

he waived the right to appeal if his sentence reflected a total offense level of 40 or less. In

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

turn, the government agreed not to appeal if the sentence reflected a total offense level of 40 or more.

The District Court, following the Presentence Report, adopted a total offense level of 40 and a criminal history category of V. After hearing from the parties, the court departed downward to level 32. It then sentenced Bratsenis to sixteen years in prison, higher than either party sought but within the agreed-upon range.

Bratsenis now appeals. His court-appointed counsel has filed an *Anders* brief and moved to withdraw, arguing that any appeal would be frivolous. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). Having reviewed the briefs and the record, we agree.

The *Anders* brief shows that counsel reviewed the record thoroughly in search of appealable issues. The brief is "adequate on its face." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). Though we still review the record ourselves, counsel's analysis lights our way. *See id.* Counsel identifies four possible issues for appeal, Bratsenis adds a fifth, and we see no others. None has merit.

*First*, there is no question about jurisdiction. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

*Second*, the plea hearing shows that Bratsenis pleaded freely. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The District Court followed Federal Rule of Criminal Procedure 11(b) to a tee: It established that Bratsenis was competent. It walked through his constitutional rights to confirm that he understood them and waived them willingly. It made sure that his lawyer had explained the plea agreement and that no one had pressured him to take

it. And after the government explained the agreement on the record, the court walked through the agreement with Bratsenis, confirmed that he understood the terms, and described the process of calculating and imposing a sentence.

At each stage, Bratsenis agreed under oath that he understood and would accept these terms willingly. Only then did the court turn to the facts covering each element of the crime. Even then, it did not accept his plea until it was satisfied that there was an adequate factual basis.

*Third*, the appellate waiver is enforceable. So long as Bratsenis received a sentence within or below the range for an offense level of 40, he agreed to waive his right to appeal. He retained only the right to challenge his criminal-history category. The court and government each explained this waiver. Plus, Bratsenis agreed that his lawyer had explained it and that he understood it.

Nothing in the record casts doubt on his knowing and voluntary decision to waive his right to an appeal. Nor is there anything to suggest that enforcing the waiver would "work a miscarriage of justice." *United States v. Grimes*, 739 F.3d 125, 129 (3d Cir. 2014) (internal quotation marks omitted). And the ultimate sentence of sixteen years fell well below the top of the Probation Office's suggested range—life imprisonment. So the plea agreement's valid waiver bars all challenges but one.

*Fourth*, Bratsenis's sentencing was free of procedural or substantive error. The court calculated the Guidelines range and heard from the parties. It then considered their departure motions and decided to depart downward eight levels. And it weighed the 18 U.S.C. § 3553(a) factors. So the record reveals no reason to question the sentencing procedure.

3

Plus, the sentence itself was reasonable: It fell far short of the life sentence that Bratsenis could have gotten and was comfortably within the adjusted Guidelines range.

But Bratsenis wants to challenge his criminal-history category. He argues that his 1984 conviction should not count because it was almost forty years old. Yet he was not released from prison for that crime until 2010, only four years before this crime. So his conviction is recent enough to count toward his criminal history. *See* U.S.S.G. §4A1.2(e)(1). There was no calculation error.

*Finally*, in his pro se brief, Bratsenis insists that he should not have gotten a longer sentence than his coconspirators. But he did not. Rather, he got a greater downward departure than one of them and a shorter sentence than either of them. So his final argument also fails.

\* \* \* \* \*

Our review of the record confirms that any appeal would be frivolous. We will affirm Bratsenis's conviction and sentence, grant counsel's motion to withdraw, and excuse counsel from petitioning for rehearing or for certiorari. *See* 3d Cir. L.A.R. 35.4, 109.2(a)–(b).